

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| CHERYL ANN FLUGENCE | CIVIL ACTION NO: 11-2020 |
| VERSUS | JUDGE DONALD E. WALTER |
| AXIS SURPLUS INSURANCE COMPANY, GREAT WEST CASUALTY COMPANY, A & R TRANSPORT, INC., AND KENT SERRET | MAGISTRATE JUDGE HANNA |

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, GREAT WEST CASUALTY COMPANY, A & R TRANSPORT, INC., AND KENT SERRET | CIVIL ACTION NO: 12-0032 |
| VERSUS | |
| CHERYL ANN FLUGENCE | |

| | |
|---|---|
| CHERYL ANN FLUGENCE | CIVIL ACTION NO: 12-0037 |
| VERSUS | |
| AXIS SURPLUS INSURANCE COMPANY, GREAT WEST CASUALTY COMPANY, A & R TRANSPORT, INC., AND KENT SERRET | |

## MEMORANDUM RULING

Before the Court are cross-appeals in the above captioned matters filed by the debtor, Cheryl

Ann Flugence ("Flugence"), and the Adversary Plaintiffs, Kent Serret ("Serret"), his employer, A&R

Transport, Inc. ("A&R"), and their insurers, Great West Casualty Company ("Great West") and Axis

Specialty Insurance Company ("Axis"), of an order issued by the United States Bankruptcy Court.

For the reasons assigned herein the order of the Bankruptcy Court is **REVERSED IN PART AND**

**AFFIRMED IN PART.**

## STATEMENT OF THE CASE

On September 1, 2004, Flugence filed a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Bankruptcy Code. *In Re Cheryl Ann Flugence*, No. 04-52152 (Bankr. W.D. La.).  Flugence's Chapter 13 Plan was initially confirmed on January 11, 2005.  A Second Amended Chapter 13 Plan was confirmed on July 28, 2007.  As required under the plan, Flugence paid $48,018.28 into her Chapter 13 case.  Upon completion of all plan payments the Trustee filed a Motion for and Notice of Discharge.  On November 6, 2008, an order was entered discharging Flugence.  On November 14, 2008, a final decree was issued and the case was closed.

On March 18, 2007, during the pendency of her Chapter 13 bankruptcy and between her Original and Amended Chapter 13 plan confirmations, Flugence was severely injured in a rear-end 18-wheeler accident.  Almost a year later on March 10, 2008, Flugence filed a personal injury lawsuit in the 15th Judicial District Court, Lafayette Parish, Louisiana against the tractor truck driver, Kent Serret, his employer, A&R Transport, and their insurers, Great West Casualty Company and Axis Specialty Insurance Company (referred to herein collectively as "Adversary Plaintiffs").  Flugence did not disclose her injury or her lawsuit to the bankruptcy court prior to the closure of her bankruptcy case on November 14, 2008.

On August 25, 2010, the Adversary Plaintiffs filed a motion to reopen Flugence's Chapter 13 case, which was granted.  On October 8, 2010, Flugence filed an Amended Schedule B, which added the personal injury claim as an asset in her Chapter 13 bankruptcy case.  On November 18, 2010, the Bankruptcy Court granted a motion by the Trustee to employ Flugence's personal injury attorney (Nicholas A. Blanda) as special counsel to pursue Flugence's personal injury claim on

behalf of the bankruptcy estate, and approved the contingency fee agreement entered between Flugence and Mr. Blanda's law firm.

On January 17, 2011, the Adversary Plaintiffs filed an adversary proceeding in bankruptcy court seeking a declaratory judgment for the application of judicial estoppel against Flugence due to her failure to disclose her personal injury claim in her bankruptcy proceedings. *Axis Specialty Insurance Company, et. al. v. Cheryl Ann Flugence*, No. 11–5001 (Bankr. W.D. La.). Flugence filed a motion for summary judgment. The Adversary Plaintiffs filed a motion for judgment on the pleadings. Flugence argued to the bankruptcy court that judicial estoppel should be rejected on equitable grounds because the law was unsettled regarding her duty to disclose her claim in the context of a Chapter 13 proceeding during the pendency of her case. Conversely, the Adversary Plaintiffs argued that judicial estoppel should be applied based on the facts of Flugence's case.

After a hearing on the issue United States Bankruptcy Judge Robert Summerhays delivered his reasons for his order in open court. In granting in part and denying in part the cross-motions Judge Summerhays found that all elements of the judicial estoppel doctrine had been met, and that in his discretion Flugence was precluded from receiving any damages that may ultimately be awarded in her state court personal injury lawsuit. However, Judge Summerhays ruled that the Trustee was not barred from pursing the personal injury claim for the benefit of the Chapter 13 estate. Further, Judge Summerhays ruled that Mr. Blanda would be allowed to recover all amounts due to him under a previously approved contingency fee contract. Thereafter, Flugence and the Adversary Plaintiffs filed separate Notices of Appeal.

## LAW AND ANALYSIS

1.    **Standard of Review**

Generally, the appeal of a grant of summary judgment is subject to de novo review, reviewing

all evidence in a light most favorable to the nonmoving party and drawing all inferences in that party's favor. *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205-06 (5th Cir. 2007). However, because judicial estoppel is an equitable doctrine and the decision of whether to invoke the doctrine is a matter within the court's discretion, such decisions are reviewed for abuse of discretion. *Browning Manufacturing v. Mims (In Re Coastal Plains)*, 179 F.3d 197, 205 (5th Cir. 1999).

**2.    Whether judicial estoppel should be applied against Flugence.**

Judicial estoppel is an equitable doctrine developed to protect the integrity of the judicial system, and it is invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In assessing whether judicial estoppel should apply a bankruptcy court should determine whether the following elements are present: (1) whether the party's position is clearly inconsistent, (2) whether the court in the prior case accepted the party's position, and (3) whether the party did not act inadvertently. *In Re Costal Plains*, 179 F.3d at 206-07. "Judicial estoppel must be applied in such a way as to deter dishonest debtors, whose failure to fully and honestly disclose all of their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors to an equitable distribution of the assets of the debtor's estate." *Reed v. City of Arlington*, 650 F.3d 571,574 (5th Cir. 2011).

Flugence argues in her appeal that the bankruptcy court should have declined to impose judicial estoppel because at the time her case was being adjudicated the issue of whether she had a continuing obligation to disclose assets acquired after confirmation was unsettled in the Fifth Circuit. Thus, she argues that her failure to disclose her personal injury claim should have been considered inadvertent. As support, Flugence cites *Gilbreath v. Averitt Express, Inc., et al*, 2010 WL 4554090

(W.D. La. Nov. 3, 2010, J. James), wherein the court declined to impose judicial estoppel to prevent the debtor from pursing a post-confirmation personal injury cause of action. The debtor in *Gilbreath* failed to disclose that she was injured in an accident more than three years after her Chapter 13 plan was confirmed. Although the court reaffirmed a previous holding that bankruptcy debtors have an ongoing duty to amend their schedule of assets until discharge, it noted a statutory conflict in the bankruptcy code and conflicting case-law as to whether Chapter 13 debtors are required to disclose assets acquired post-confirmation. *Id.* at 9 (citing *Woodard v. Taco Bueno Restaurants, Inc.*, 2006 WL 3542693 (N.D. Tex. Dec. 8, 2006)). Thus, although the three necessary factors to impose judicial estoppel were met, the *Gilbreath* court declined to impose the sanction based on equitable grounds, noting the statutory conflict and lack of bad faith on the part of the debtor.

The Adversary Plaintiffs contend that the facts in this case are more similar to an instance where a debtor fails to inform the court of a cause of action prior to confirmation. Although Flugence was injured more than two years after her original plan confirmation in January 2005, she moved to amend her plan in June 2007, a few months after accident. The Adversary Plaintiffs argue that Flugence's failure to disclose her potential cause of action when she filed a motion to amend her plan is especially egregious because she had already engaged the services of a personal injury attorney (Mr. Blanda) at that time. As early as April 16, 2007, Mr. Blanda agreed to pay up-front medical fees related to Flugence's treatment and provided her with a medical authorization form. The Adversary Plaintiffs suggest that Flugence not only failed to notify the bankruptcy court of her potential cause of action, but committed fraud upon the court by taking steps to conceal the same by

filing her lawsuit in state court using a different spelling of her first name.[1]

This court has not hesitated to impose judicial estoppel to preclude recovery in a cause of action where a debtor failed to disclose his claim when filing a Chapter 13 bankruptcy petition. *See Maxie v. Dolet Hills Lignite Co.*, LLC, 2008 WL 4762982 (W.D. La. Oct. 28, 2008). However, the facts in this case are not nearly as egregious. After much consideration this Court finds that the bankruptcy court abused its discretion in imposing judicial estoppel to preclude Flugence from recovering damages in her state court proceeding. Flugence did not have a potential cause of action prior to her initial application for bankruptcy protection in 2005. She was injured in a rear-end 18-wheeler accident more than two years after her Chapter 13 plan was originally confirmed. The fact that Flugence engaged the services of a personal injury attorney prior to filing a motion to amend her confirmation plan does not convince this court of bad faith on her part. Rather, because Flugence hired an attorney it is only prudent that she rely on his advice as to whether she must disclose her potential cause of action to the bankruptcy court.

Given the flux of the law in 2007 regarding a debtor's duty to disclose a potential cause of action post-confirmation in Chapter 13 proceedings and the statutory conflict noted in *Gilbreath*, the court can only conclude that Flugence should not be estopped from pursing her state court claim. To do so will not serve to protect the integrity of the judicial process. It will only serve as a potential windfall to the Adversary Plaintiffs who may very well be liable to Flugence. Accordingly, this Court finds that the bankruptcy court abused its discretion in its implementation of judicial estoppel to preclude Flugence from benefitting from her state court cause of action.

---

[1] There is no evidence that debtor intentionally spelled her name as "Sheral" to conceal her state court petition. Her last name is spelled the same on all filings. Without evidence to the contrary the court views this discrepancy as a mere scrivener's error by Mr. Blanda.

## CONCLUSION

Based on the foregoing reasons, the portion of the Bankruptcy Court's order imposing

judicial estoppel against Flugence is hereby **REVERSED**. All other rulings contained in the order

are **AFFIRMED**.

**THUS DONE AND SIGNED**, this _27_ day of December, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE